*Joseph H. Morey* and *David T. Murray* for appellant.
*Godfrey M. Frohe* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-
LIN, CRANE and ANDREWS, JJ. Absent: HOGAN, J.

---

BROOKLYN TRUST COMPANY, Respondent, *v.* THE CITY
OF NEW YORK, Appellant.

*Trespass — lateral support — New York city — when adjoining prop-*
*erty owner may recover for additional expense in constructing its*
*foundations owing to loss of lateral support by reason of construction*
*of subway in street.*

*Brooklyn Trust Co.* v. *City of New York*, 198 App. Div. 595,
affirmed.

(Argued June 8, 1922; decided July 12, 1922.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the second judicial
department, entered December 1, 1921, unanimously
affirming a judgment in favor of plaintiff entered upon
a decision of the court on trial at Special Term in an
action to enjoin a continuing trespass or for damages.
The complaint alleged that by reason of defendant's
alleged trespass upon plaintiff's land in Montague street,
adjacent to its building at the corner of Clinton and
Montague streets, by the construction of a subway
railroad, plaintiff was obliged to incur greater and addi-
tional expense in the construction of foundations for its
building, in order to protect it from injuries which were
anticipated in the event defendant carried out its threat
to construct said railroad, which expense would not have
been necessary but for such trespass. The trial court
found facts which substantially established that the
defendant's act in sinking its subway to a depth of
seventy feet below the grade of Montague street resulted
in such a loss of lateral support that the plaintiff was
obliged to change its plans for the construction of its
foundation from twenty feet, ten inches, to sixty-five
feet, ten inches, as a result of which it suffered additional

expense and damage. The Appellate Division held: "The plaintiff is properly in equity by reason of the continuing trespass to its property by the defendant, and, once properly in equity, the court has the right to continue and assess the damages arising out of the trespass, on the theory of avoiding a multiplicity of suits."

*John P. O'Brien,* Corporation Counsel (*John F. O'Brien, Willard S. Allen, Charles V. Nellany* and *Daniel F. McMahon* of counsel), for appellant.

*Edward J. Byrne* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

JOHN S. KELLNER, Appellant, *v.* EDWARD KENER, JR., Respondent.

*Contract — specific performance — when oral agreement for sale of stock void under Statute of Frauds.*

*Kellner* v. *Kener,* 190 App. Div. 927, affirmed.

(Argued June 9, 1922; decided July 12, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 11, 1919, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at an Equity Term. This action was brought for specific performance of an alleged oral contract claimed to have been entered into by the plaintiff and the defendant and one Edward Breitweiser and one Charles F. Bricka, demanding judgment compelling the defendant to deliver to the plaintiff certain stock of the Buffalo Co-operative Stove Company, purchased by the defendant since January 1, 1910, which it is claimed that the plaintiff has the right to purchase by reason of the alleged oral agreement. The complaint was dismissed upon the ground that the alleged contract was void under the Statute of Frauds.

*Simon Fleischmann, Worthy B. Paul* and *Edward C. Schlenker* for appellant.